**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

LUCIANO F. PAONE

                    Plaintiff,

          vs.

MEDIATEK USA, INC.

                    Defendant.

Civil Action No. 15-cv-610-BMC-GRB

**REPLY IN SUPPORT OF MEDIATEK USA, INC.'S MOTION TO DISMISS**
**LUCIANO F. PAONE'S COMPLAINT**

# <u>TABLE OF CONTENTS</u>

I.      INTRODUCTION ........................................................................................... 1

II.     THE ASSERTED CLAIMS ARE INVALID UNDER § 101 ........................... 2

        A.      The Claims of the '789 Patent Recite an Abstract Idea ......................... 2

        B.      The Additional Claim Limitations Do Not Recite an Inventive Concept.............. 5

                1.      The '789 patent fails the machine-or-transformation test.......................... 6

                2.      The "pen and paper" or "human mind" analysis demonstrates that
                        the asserted claims are patent ineligible........................................ 6

                3.      The '789 patent preempts block cipher encryption schemes. .................... 7

        C.      The Asserted Claims Are Indistinguishable From the Numerous Post-
                Alice Cases Invalidating Patents on Computer Technology................................. 7

III.    THE COMPLAINT'S BARE INDIRECT AND WILLFUL INFRINGEMENT
        ALLEGATIONS DO NOT SATISFY THE PLEADING STANDARD ......................... 9

IV.     CONCLUSION............................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

### CASES

Page(s)

*Affinity Labs of Texas, LLC v. DirecTV, LLC*, No. 6:15-CV-0030-WSS-JCM,
2015 WL 3764356 (W.D. Tex. July 7, 2015) ....................................................................8

*Alice Corp. v. CLS Bank International*, 134 S. Ct. 2347 (2014) .............................................1, 3, 5

*Appistry, Inc. v. Amazon.com, Inc.*, No. C15-311 MJP, 2015 WL 4210890 (W.D.
Wash. July 9, 2015) ........................................................................................................8

*Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371 (Fed. Cir. 2015) ................................7

*Bender v. National Semiconductor Corp.*, No. C 09–01151 JSW, 2009 WL
4730896 (N.D. Cal. Dec. 7, 2009) ........................................................................................9

*Boar's Head Corp. v. DirectApps, Inc.*, No. 2:14-CV-01927-KJM, 2015 WL
4530596 (E.D. Cal. July 28, 2015) ........................................................................................8

*California Institute of Technology v. Hughes Communications Inc.*, 59 F. Supp.
3d 974 (C.D. Cal. 2014)........................................................................................................6

*Conair Corp. v. Jarden Corp.*, No. 13-CV-6702 (AJN), 2014 WL 3955172
(S.D.N.Y. Aug. 12, 2014) ......................................................................................................9

*DDR Holdings, LLC v. Hotels.com, L.P.*,773 F.3d 1245 (Fed. Cir. 2014) .....................................3

*Diamond v. Diehr*, 450 U.S. 175 (1981)..................................................................................2, 5

*Digitech Image Technologies, LLC v. Electronics for Imaging, Inc.*, 758 F.3d
1344 (Fed. Cir. 2014)........................................................................................................4, 6

*DSU Medical Corp. v. JMS Co.*, 471 F.3d 1293 (Fed. Cir. 2006)................................................10

*Fidelity National Information Services, Inc. v. DataTreasury Corp.*, CBM2014-
00021, 2015 WL 1967328 (P.T.A.B. Apr. 29, 2015) ....................................................3, 6

*Gottschalk v. Benson*, 409 U.S. 63 (1972)....................................................................................4

*HealthTrio, LLC v. Aetna, Inc.*, Civil Action No. 12-CV-03229-RED-MJW, 2015
WL 4005985 (D. Colo. June 17, 2015)..............................................................................4

*Intellectual Ventures I LLC v. Capital One Bank (USA)*, No. 2014-1506, 2015 WL
4068798 (Fed. Cir. July 6, 2015) ........................................................................................8

*Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 13-cv-3777 (AKH), 2015 WL 1941331 (S.D.N.Y. Apr. 28, 2015)..............................................................3, 5, 7

*Internet Patents Corp. v. Active Network, Inc.*, No. 2014-1048, 2015 WL 3852975 (Fed. Cir. June 23, 2015) ......................................................................................2

*IPLearn-Focus, LLC v. Microsoft Corp.*, Case No. 14-CV-00151-JD, 2015 WL 4192092 (N.D. Cal. July 10, 2015)......................................................................8

*Landmark Technology, LLC v. Assurant, Inc.*, CASE NO. 6:15-CV-76-RWS-JDL, 2015 WL 4388311 (E.D. Tex. July 14, 2015) ......................................................8

*MicroStrategy Inc. v. Apttus Corp.*, No. 3:15-cv-21-JAG, 2015 WL 4425828 (E.D. Va. July 17, 2015) ........................................................................................7

*Minkus Electronic Display Systems Inc. v. Adaptive Micro Systems LLC*, Civ. No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011) ....................................9

*Netflix, Inc. v. Rovi Corp.*, Case No. 11-cv-6591 PJH, 2015 WL 4345069 (N.D. Cal. July 15, 2015) ..............................................................................................8

*OpenTV, Inc. v. Apple, Inc.*, No. 14-CV-01622, 2015 WL 1535328 (N.D. Cal. Apr. 6, 2015) ..........................................................................................................4

*Pragmatus Telecom, LLC v. Genesys Telecommunications Labs., Inc.*, C.A. No. 14-CV-26-RGA, 2015 WL 4128963 (D. Del. July 9, 2015) ...............................8

*Research Corp Technologies, Inc. v. Microsoft Corp.*, 627 F.3d 859 (Fed. Cir. 2010) .....................................................................................................................3

*Smart Systems Innovations, LLC v. Chicago Transit Authority*, No. 14 C 08053, 2015 WL 4184486 (N.D. Ill. July 10, 2015)........................................................8

*Smartflash LLC v. Apple Inc.*, CASE Nos. 6:13cv447-JRG-KNM, 6:13cv448-JRG-KNM, 2015 WL 661174 (E.D. Tex. Feb. 13, 2015) ...................................4

*Source Search Technologies, LLC v. Kayak Software Corp.*, Civil Action No. 11-3388, 2015 WL 3980628 (D.N.J. July 1, 2015)...................................................8

*Telebuyer, LLC v. Amazon.com, Inc.*, Civil Action No. 2:13-cv-1677-BJR, 2015 WL 4493045 (W.D. Wash. July 23, 2015) ...........................................................8

*Thales Visionix, Inc. v. United States*, No. 14-513C, 2015 WL 4396610 (Fed. Cl. July 20, 2015)........................................................................................................8

*Tranxition, Inc. v. Lenovo (U.S.) Inc.*, No. 3:12-cv-01065-HZ, 2015 WL 4203469 (D. Or. July 9, 2015) .............................................................................................8

*Versata Dev. Grp., Inc. v. SAP Am., Inc.,* No. 2014-1194, 2015 WL 4113722
(Fed. Cir. July 9, 2015) ...........................................................................................6, 8

*Walker Digital v. Google, Inc.*, 66 F. Supp. 3d 501 (D. Del. 2014) ...........................................3, 6

## STATUTES, RULES, AND REGULATIONS

37 C.F.R. § 1.552 (2000) ............................................................................................................1

35 U.S.C. § 101.............................................................................................................. passim

## I.      INTRODUCTION

Mr. Paone's Opposition, Dkt. 24 ("Opp.") does nothing to disprove the abstract nature of his alleged invention or the lack of an inventive step in the asserted claims of the '789 patent. Rather than responding to the substance of MediaTek USA's motion, Mr. Paone instead relies on lengthy quotes from cases issued *before* the Supreme Court's 2014 decision in *Alice Corp. v. CLS Bank International*—cases that apply the incorrect legal standard for patent eligibility under § 101.  Indeed, the Opposition makes no attempt to distinguish (and in fact contains *no mention* of) the three post-*Alice* decisions that invalidated patents, like the '789 patent, for claiming encryption techniques.  Mr. Paone's decision to ignore these relevant cases, and instead direct the Court to pre-*Alice* decisions, highlights the problem with the '789 patent—under applicable post-*Alice* caselaw, the patent is invalid under § 101.

The Opposition fails to rebut MediaTek USA's motion for additional reasons:  (1) it does not dispute that the claims of the '789 patent recite nothing more than generic computer hardware;  (2) it does not dispute that the claimed encryption techniques lack detail and are specified at the highest level of generality; and (3) it fails to explain what inventive step or concept is allegedly set forth in the claims.  Instead, Mr. Paone resorts to irrelevant assertions that "Microsoft dropped its invalidity case" and that "the Patent Office found the claims patentable following the initial examination and following reexamination of the claims[.]"  Opp. at 2, 13.  But both the *Microsoft* litigation and the initial examination occurred years before the Supreme Court's revision of the § 101 analysis in *Alice*.  And the reexamination proceedings, which also occurred before *Alice*, never addressed § 101.  Nor could they because a § 101 analysis is *prohibited* during reexamination.  *See* 37 C.F.R. § 1.552 (2000) (scope of ex parte reexamination limited to invalidity under 35 U.S.C. §§ 102 and 103).  Mr. Paone's attempt to

-1-

conflate subject matter eligibility under § 101 with the novelty/nonobviousness analysis under §§ 102 and 103 should be rejected.  *See Diamond v. Diehr*, 450 U.S. 175, 190 (1981) ("The question therefore of whether a particular invention is novel is wholly apart from whether the invention falls into a category of statutory subject matter." (internal quotations omitted)).  Mr. Paone's Opposition does not raise any fact disputes, and the issues are ripe to be decided on a motion to dismiss.

With respect to his allegations of indirect and willful infringement, Mr. Paone once again simply restates the elements of those claims and alleges that the pleading is sufficient.  This conclusory response does not come close to demonstrating that Mr. Paone has stated a plausible claim under the applicable pleading standards.  Mr. Paone's Complaint should be dismissed with prejudice.

## II.    THE ASSERTED CLAIMS ARE INVALID UNDER § 101

### A.    The Claims of the '789 Patent Recite an Abstract Idea

Mr. Paone admits that "encryption" is an abstract idea, but argues that the claims of the '789 patent recite more.  He characterizes the '789 patent as directed to "block ciphers employing a changing key for each block of data based upon a random session object key or non-linear function," and argues that the modification of keys is sufficient to make the claims non-abstract. Opp. at 9.  Mr. Paone is incorrect.  The purpose of the first step of the *Alice* test is to "ascertain[] the basic character of the subject matter[.]"  *Internet Patents Corp. v. Active Network, Inc.*, No. 2014-1048, 2015 WL 3852975, at *4 (Fed. Cir. June 23, 2015).  Here, the basic character of the claimed subject matter, as Mr. Paone's characterization demonstrates, is modifying keys used in block cipher encryption.  As detailed in MediaTek USA's motion, this method of encryption is a patent ineligible abstract idea.

First, the asserted claims closely parallel other data encryption claims that have been found to claim an abstract idea, and ultimately invalidated under § 101.  *Compare* '789 patent, cl. 1, col. 11, ll. 27-28 ("encrypting a block of input plaintext data utilizing said key schedule") *with Walker Digital v. Google, Inc.*, 66. F. Supp. 3d 501, 512 (D. Del. 2014) (claim 3 reciting "executing a cryptographic operation using a cryptographic key") *and Fid. Nat'l Info. Servs., Inc. v. DataTreasury Corp.*, CBM2014-00021, 2015 WL 1967328, at *3-4 (P.T.A.B. Apr. 29, 2015) (claim 26 reciting "encrypting subsystem identification information and the transaction data" where 'encrypting' means "[c]onvert into a form unreadable by anyone without a secret decryption key").  Mr. Paone does not and cannot draw a distinction between the claims of the '789 patent and other data encryption claims invalidated under § 101.[1]  Instead, he cites a description of abstractness from a decision written almost four years *before Alice*, and which applies an incorrect abstract idea analysis.[2]  *See* Opp. at 9-10.

Second, Mr. Paone does not attempt to address the cryptography cases cited throughout MediaTek USA's brief invalidating encryption patents under § 101.  *See* Dkt. 23 at 16-17 (discussing *Walker Digital*, 66 F. Supp. 3d 501); *id.* at 13, 17 (discussing *Fidelity Nat'l Info. Servs.*, 2015 WL 1967328); *id.* at 13, 14 (discussing *Intellectual Ventures II LLC v. JP Morgan Chase & Co.*, No. 13-cv-3777 (AKH), 2015 WL 1941331 (S.D.N.Y. Apr. 28, 2015)).  Mr. Paone does not and cannot dispute that courts applying the *Alice* standard have repeatedly held that encryption-based claims fail to satisfy § 101.  The claims of the '789 patent fare no better.

---

[1] Apart from *Alice* and a brief discussion of *DDR Holdings, LLC v. Hotels.com, L.P.*,773 F.3d 1245 (Fed. Cir. 2014), Mr. Paone relies exclusively on pre-*Alice* cases applying a pre-*Alice* standard.  Opp. at 9-11.

[2] The portion of the *Research Corp Techs., Inc. v. Microsoft Corp.* opinion omitted from Mr. Paone's quotation states, "The fact that some claims in the '310 and '228 patents require a 'high contrast film,' 'a film printer,' 'a memory,' and 'printer and display devices' also confirm this court's holding that the invention is not abstract."  627 F.3d 859, 869 (Fed. Cir. 2010).  This analysis of whether a patent claims an abstract idea is incorrect under the current *Alice* standard because "mere recitation of a generic computer cannot transform a patent-ineligible abstract idea into a patent-eligible invention."  *Alice*, 134 S. Ct. at 2358.

-3-

Third, the patent's claimed method of transmitting secure data, namely, the conversion of plaintext data into an encrypted format, is no less abstract than the many data conversion patents invalidated following *Alice*.  *See, e.g.*, *Digitech Image Techs., LLC v. Elecs. for Imaging, Inc.*, 758 F.3d 1344, 1351 (Fed. Cir. 2014) (claims reciting "two data sets … generated by taking existing information … and organizing this information into a new form … recites an ineligible abstract process of gathering and combining data[.]"); *HealthTrio, LLC v. Aetna, Inc.*, Civil Action No. 12-CV-03229-REB-MJW, 2015 WL 4005985, at *7 (D. Colo. June 17, 2015) (invalidating claims that "describe nothing more than highly general processes for applying" a method of "indexing, matching, and reformatting the records, but nothing less generic than that").  Nor is the '789 patent any less abstract than many recently invalidated data security patents.  *See, e.g.*, *Smartflash LLC v. Apple Inc.*, CASE Nos. 6:13cv447-JRG-KNM, 6:13cv448-JRG-KNM, 2015 WL 661174, at *8 (E.D. Tex. Feb. 13, 2015) ("[T]he general purpose of the claims—conditioning and controlling access to data based on payment—is abstract and a fundamental building block of the economy in the digital age."); *OpenTV, Inc. v. Apple, Inc.*, No. 14-CV-01622, 2015 WL 1535328, at *6 (N.D. Cal. Apr. 6, 2015) (method for securely transmitting confidential data by converting plaintext into shorthand codes an abstract idea).[3]

Fourth, while an invention is not unpatentable simply because it contains a mathematical algorithm, *see* Opp. at 10, "a process that employs mathematical algorithms to manipulate existing information to generate additional information is not patent eligible."  *Digitech*, 758 F.3d at 1351.  That is exactly what is claimed in the '789 patent.  Mr. Paone's reliance on *Gottschalk v. Benson* does not help.  Opp. at 11.  In *Gottschalk*, the Supreme Court invalidated a

---

[3] "[T]he problem of transmitting confidential information using unsecure communication methods has existed for centuries …."  *OpenTV*, 2015 WL 1535328, at *5 (granting 12(b)(6) motion to invalidate claims under § 101).  The '789 patent claims recite the abstract idea of using dynamic keys in an attempt "to solve this age-old problem."  *Id.*

-4-

"patent [that] would wholly pre-empt the mathematical formula and in practical effect would be a patent on the algorithm itself."  409 U.S. 63, 72 (1972).  The same is true here.  The '789 patent claims a block cipher encryption algorithm that utilizes dynamic keys and provides no detail about how that encryption or key modification is performed.  *See* Dkt. 23 at 19-21.

Finally, Mr. Paone's repeated reference to the alleged novelty of his claimed systems and methods has no bearing on whether the '789 patent is patent eligible subject matter under § 101 and *Alice*.  *See* Opp. at 10-11, 15-16.  The Supreme Court has made clear that "[t]he question … of whether a particular invention is novel is wholly apart from whether the invention falls into a category of statutory subject matter."  *Diamond v. Diehr*, 450 U.S. 175, 190 (1981) (internal quotations omitted).  This is because "a new idea is equally capable of abstraction as an old one." *Intellectual Ventures II*, 2015 WL 1941331, at *9.

## B.     The Additional Claim Limitations Do Not Recite an Inventive Concept

Mr. Paone fails to show how the asserted claims satisfy the "inventive concept" requirement under *Alice*.  Mr. Paone includes a full page listing of claim limitations such as "modifying," "encrypting," and "transform[ing]," but does not explain how any of these "conventional steps, specified at a high level of generality … [is sufficient] to supply an inventive concept."  *Alice*, 134 S. Ct. at 2357 (internal quotations omitted).  And contrary to Mr. Paone's assertions, MediaTek USA's motion addressed these limitations and why they do not provide an inventive concept.  *See* Dkt. 23 at 16 (generic hardware limitations); *id.* at 17, 20 (hashing functions, key schedules, and modification of encryption keys); *id.* at 19 (lack of detail in claimed "modifying," "encrypting," and "transform[ing]" limitations).  None of these claim limitations "integrate the building blocks into something more, thereby transforming them into a patent-eligible invention" sufficient to satisfy step two of *Alice*.  134 S. Ct. at 2354.

### 1.   The '789 patent fails the machine-or-transformation test.

Mr. Paone relies on two pre-*Alice* district court opinions for the proposition that encryption claims satisfy the machine-or-transformation test because "the entire object of the invention is to transform data from one form into another[.]"  Opp. at 14.  Regardless of whether Mr. Paone's encryption claims met pre-*Alice* standards of patentability, the Federal Circuit has since confirmed that "a process that … manipulate[s] existing information to generate additional information is not patent eligible."  *Digitech*, 758 F.3d at 1351.  Further, post-*Alice* cases confirm that encryption claims do not satisfy the machine-or-transformation test.  *See Walker Digital*, 66 F. Supp. 3d at 513 (claims containing cryptographic key limitations were "not tied to a machine and cannot satisfy the machine or transformation test"); *Fidelity Nat'l Info. Servs.*, 2015 WL 1967328, at *11 (method claims directed to encrypting and transmitting transaction data "as a whole … do not result in any transformed articles").

### 2.   The "pen and paper" or "human mind" analysis demonstrates that the asserted claims are patent ineligible.

Mr. Paone questions the usefulness of the "pen and paper" or "human mind" analysis— although notably he does not dispute that his claims can be so performed.  Opp. at 14-16.  In doing so, he relies heavily on a district court opinion that is contrary to established Federal Circuit precedent.  *See California Inst. of Tech. v. Hughes Commc'ns Inc.*, 59 F. Supp. 3d 974, 986-988 (C.D. Cal. 2014) (criticizing post-*Alice* jurisprudence of Federal Circuit).[4]  Despite one district court judge's disagreement with the Federal Circuit, the Court of Appeals has repeatedly confirmed the usefulness of the "pen and paper" analysis for software claims, doing so recently

---

[4] Even the broadest claims from the patents at issue in *Hughes* contain significantly more detail than the claims of the '789 patent.  *Compare* U.S. Patent No. 7,421,032 (filed Oct. 3, 2006), cols. 7-8, ll. 66-17 (claim 1 reciting a "generating" step, "wherein each parity bit 'xj' in the sequence is in accordance with the formula $x_j = x_{j-1} + \sum v_{(j-1)\,\lambda\,+\,i}$, where '$x_{j-1}$' is the value of a parity bit 'j-1,' and $\sum v_{(j-1)\,a\,+1}$ is the value of a sum of 'a' randomly chosen irregular repeats of the message bits") *with* '789 patent, col. 11, ll. 22-23 (claim 1 reciting a "creating" step, where the key schedule is created "based upon the at least one object key").

-6-

in *Versata Dev. Grp., Inc. v. SAP Am., Inc. See* No. 2014-1194, 2015 WL 4113722, at *26 (Fed. Cir. July 9, 2015) (affirming invalidation of software patent based on 'pen and paper' analysis, noting "[c]ourts have examined claims that required the use of a computer and still found that the underlying, patent-ineligible invention could be performed via pen and paper or in a person's mind").  Mr. Paone's tacit admission that his claims can be performed in the human mind compels invalidation of his patent.

### 3.    The '789 patent preempts block cipher encryption schemes.

Mr. Paone's Opposition does not address the preemption concerns of the broadly worded claims of the '789 patent, which contain no detail about how they are performed.  *See* Dkt. 23 at 19 (discussing the generically claimed steps of "modifying," "encrypting," and "transform[ing]"); *id.* at 20-21 (discussing the lack of specificity in claimed modification of the key, limited only by the requirement that modification be independent of input).  The generality of these claimed limitations "broadly preempts every concrete application of the idea[.]" *Intellectual Ventures II*, 2015 WL 1941331, at *9.  Rather than engage on the merits, Mr. Paone argues that there is "only one specific type of encryption system … at issue" Opp. at 17.  Even assuming this is correct, it is beside the point.  "[T]he absence of complete preemption does not demonstrate patent eligibility." *Ariosa Diagnostics, Inc. v. Sequenom, Inc.*, 788 F.3d 1371, 1379 (Fed. Cir. 2015).

### C.    The Asserted Claims Are Indistinguishable From the Numerous Post-*Alice* Cases Invalidating Patents on Computer Technology

The asserted claims of the '789 patent are indistinguishable from the numerous, recent § 101 cases invalidating claims to computer-implemented technology.  District courts, the Federal Circuit and the Patent Trial and Appeal Board all have invalidated patents claiming computer-implemented technology under § 101.  *See* Dkt. 23 at 9-10 & n.5.  Since MediaTek

USA's motion was filed on June 29, at least fifteen additional decisions have invalidated such

claims under § 101. *See, e.g.*, *MicroStrategy Inc. v. Apttus Corp.*, No. 3:15-cv-21-JAG, 2015

WL 4425828, at *1 (E.D. Va. July 17, 2015) (invalidating a "method and system for providing

business intelligence web content with reduced client-side processing"); *Appistry, Inc. v.*

*Amazon.com, Inc.*, No. C15-311 MJP, 2015 WL 4210890, at *2 (W.D. Wash. July 9, 2015)

(invalidating software claims reciting "systems and methods of using a network of multiple

actors to efficiently and reliably process information and/or complete a task").[5]  Many of these

cases involved patent claims that are more detailed and complex than the claims of the '789

patent, but nonetheless failed to satisfy § 101.

    *Thales Visionix, Inc. v. United States* is illustrative.  There, the claimed invention was a

"helmet-mounted display system" for fighter pilots that "projects tactical information onto the

interior of the visor of the pilot's helmet" and continuously tracks the motion of the aircraft

relative to the orientation of the pilot's helmet.  No. 14-513C, 2015 WL 4396610, at *1 (Fed. Cl.

July 20, 2015).  The court held that the claims "are directed to mathematical equations for

determining the relative position of a moving object to a moving reference frame" and lacked an

inventive concept sufficient to save the claims.  *Id.* at *5.  The claims of the '789 patent are

similarly directed to the use of an algorithm and contain significantly less detail than the claims

---

[5] *See also Boar's Head Corp. v. DirectApps, Inc.*, No. 2:14-CV-01927-KJM, 2015 WL 4530596 (E.D. Cal. July 28, 2015); *Telebuyer, LLC v. Amazon.com, Inc.*, Civil Action No. 2:13-cv-1677-BJR, 2015 WL 4493045 (W.D. Wash. July 23, 2015); *Netflix, Inc. v. Rovi Corp.*, Case No. 11-cv-6591 PJH, 2015 WL 4345069 (N.D. Cal. July 15, 2015); *Landmark Tech., LLC v. Assurant, Inc.*, CASE NO. 6:15-CV-76-RWS-JDL, 2015 WL 4388311 (E.D. Tex. July 14, 2015); *IPLearn-Focus, LLC v. Microsoft Corp.*, Case No. 14-CV-00151-JD, 2015 WL 4192092 (N.D. Cal. July 10, 2015); *Smart Sys. Innovations, LLC v. Chicago Transit Auth.*, No. 14 C 08053, 2015 WL 4184486 (N.D. Ill. July 10, 2015); *Versata*, 2015 WL 4113722; *Pragmatus Telecom, LLC v. Genesys Telecommunications Labs., Inc.*, C.A. No. 14-CV-26-RGA, 2015 WL 4128963 (D. Del. July 9, 2015); *Tranxition, Inc. v. Lenovo (U.S.) Inc.*, No. 3:12-cv-01065-HZ, 2015 WL 4203469 (D. Or. July 9, 2015); *Affinity Labs of Texas, LLC v. DirecTV, LLC*, No. 6:15-CV-0030-WSS-JCM, 2015 WL 3764356 (W.D. Tex. July 7, 2015); *Intellectual Ventures I LLC v. Capital One Bank (USA)*, No. 2014-1506, 2015 WL 4068798 (Fed. Cir. July 6, 2015); *Source Search Techs., LLC v. Kayak Software Corp.*, Civil Action No. 11-3388 (JEI/KMW), 2015 WL 3980628 (D.N.J. July 1, 2015).

invalidated in *Thales*.  Thus, the '789 patent is equally abstract and lacking an inventive concept necessary for eligibility under § 101.

## III.    THE COMPLAINT'S BARE INDIRECT AND WILLFUL INFRINGEMENT ALLEGATIONS DO NOT SATISFY THE PLEADING STANDARD

Mr. Paone's Opposition fails to demonstrate that his Complaint satisfies the established pleading standards for indirect and willful infringement.  In particular, he cites cases that are inapposite and conflates the requirements for pleading knowledge of a patent with that of intent to infringe.  Relying primarily on *Conair Corp. v. Jarden Corp.*, No. 13-CV-6702 AJN, 2014 WL 3955172, at *1 (S.D.N.Y. Aug. 12, 2014), Mr. Paone argues that alleging "end users of the Accused Products" is sufficient to plead direct infringement by third parties.  Opp. at 18.  He also argues that the Complaint adequately identifies end products used by purported third party infringers because it "identif[ies] specific exemplary model numbers."  *Id.*  But *Conair* is inapposite; it involved infringement by products that were sold *directly* to consumers by the defendant.  *See Conair*, 2014 WL 3955172, at *1.  In contrast, the chips alleged by Mr. Paone to constitute infringing MediaTek USA chips are not sold directly to end users (and indeed, are not sold by MediaTek USA at all), and those chips cannot be used to perform the claimed systems and methods absent integration with another device, such as a computer.  Mr. Paone has failed to identify any actual end users of the accused chips, failed to identify any end products that actually contain accused MediaTek USA chips integrated into a system, and failed to identify any sales by MediaTek USA at all.  As a result, Mr. Paone's Complaint fails to adequately plead indirect infringement.  Dkt. 23 at 21-22.[6]

---

[6] Two of the cases cited by Mr. Paone actually *granted* motions to dismiss for failure to state a claim of direct and indirect infringement.  *See* Opp. at 18 (citing *Minkus Elec. Display Sys. Inc. v. Adaptive Micro Sys. LLC*, Civ. No. 10-666-SLR, 2011 WL 941197 (D. Del. Mar. 16, 2011); *Bender v. Nat'l Semiconductor Corp.*, No. C 09–01151 JSW, 2009 WL 4730896 (N.D. Cal. Dec. 7, 2009)).

-9-

Mr. Paone relegates to a footnote his response to the inconsistency between his "intentional infringement" allegation and the fact that the '789 patent claims that MediaTek USA was "notified" of (through an allegation that MediaTek USA's use of TKIP infringed the claims) had been found not to literally infringe by TKIP in the *Microsoft* litigation. *See* Dkt. 23 at 24. Despite his assertion that this argument is "nonsensical," Mr. Paone can point to no allegation in the Complaint that explains how, following a conclusive judicial finding that a standard (TKIP) does not literally infringe a patent claim, MediaTek USA could then "intentionally infringe" that same claim by using the TKIP standard.

Finally, Mr. Paone improperly conflates knowledge of a patent with specific intent to induce infringement. He cites *Conair* for the proposition that intent to induce infringement is sufficiently plead by alleging that MediaTek USA continued to sell the accused products after allegedly receiving notice of infringement. *See* Opp. at 20-21. This is contrary to Federal Circuit precedent. While notice of alleged infringement may be evidence of knowledge of a patent, it does not show that MediaTek USA specifically intends third parties to infringe. "The mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven." *See DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1305 (Fed. Cir. 2006) (internal quotations omitted). The Complaint contains nothing more than conclusory averments that MediaTek USA intends to induce infringement. This is not sufficient. *See* Dkt. 23 at 21-22. Mr. Paone's claims of indirect and willful infringement should be dismissed with prejudice.

## IV.    CONCLUSION

For all the forgoing reasons, MediaTek USA respectfully requests that the Court dismiss Mr. Paone's claims with prejudice.

Dated: July 31, 2015

Keith L. Slenkovich (*pro hac vice*)
Tobias W. Mock (*pro hac vice*)
WILMER CUTLER PICKERING HALE AND
DORR LLP
950 Page Mill Road
Palo Alto, CA 94304
(650) 858-6000
keith.slenkovich@wilmerhale.com
tobias.mock@wilmerhale.com

By:    */s/ Christopher R. Noyes*
Christopher R. Noyes
Martin E. Gilmore
WILMER CUTLER PICKERING HALE AND
DORR LLP
250 Greenwich Street
New York, NY 10007
(212) 230-8800
christopher.noyes@wilmerhale.com
martin.gilmore@wilmerhale.com

*Attorneys for MediaTek USA, Inc.*

-11-