**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUCIANO F. PAONE | Civil Action No.  15-cv-610-BMC-GRB |
| Plaintiff, | |
| vs. | |
| MEDIATEK USA, INC., | |
| Defendant. | |

**DEFENDANT MEDIATEK USA, INC.'S ANSWER,  DEFENSES, AND**
**COUNTERCLAIMS IN RESPONSE TO LUCIANO F. PAONE'S COMPLAINT**

Defendant MediaTek USA, Inc. ("MediaTek USA"), through its undersigned counsel,

files this Answer, Defenses, Counterclaims, and Jury Demand to Plaintiff Luciano F. Paone's

("Paone") Complaint and states as follows:

**PARTIES**

1.      Upon information and belief, MediaTek USA admits the allegations of paragraph

1 of the Complaint.

2.      MediaTek USA admits that it is a Delaware Corporation with its principal place

of business located in San Jose, California, 95134.  MediaTek USA denies the remaining

allegations in paragraph 2 of the Complaint.

3.      MediaTek USA admits that it engages in research and development in the United

States relating to certain computer products and technology, but denies that it uses TKIP

technology or that it makes, sells, offers for sale, or imports products incorporating TKIP

technology.  MediaTek USA otherwise denies the remaining allegations in paragraph 3 of the

Complaint.

**NATURE OF THE ACTION**

4.      MediaTek USA admits that the Complaint alleges infringement of United States Patent No. 6,259,789 and that claims of patent infringement arise under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*

**JURISDICTION AND VENUE**

5.      Paragraph 5 of the Complaint states conclusions of law to which no response is required.

6.      Denied.

7.      Denied.

**THE PATENT-IN-SUIT**

8.      MediaTek USA incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 7.

9.      MediaTek USA admits that, on its face, Exhibit A appears to be a copy of United States Patent No. 6,259,789, titled "Computer Implemented Secret Object Key Block Cipher Encryption and Digital Signature Device and Method," issued to Paone on July 10, 2001. Otherwise, MediaTek USA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint, and therefore denies them.

10.      MediaTek USA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint, and therefore denies them.

-3-

11.     MediaTek USA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 11 of the Complaint, and therefore denies them.

12.     Denied.

13.     MediaTek USA admits that it has not taken a direct license from Paone to the '789 Patent.  MediaTek USA lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 13 of the Complaint, and therefore denies them.

## COUNT 1: Infringement of United States Patent No. 6,259,789

14.     MediaTek USA incorporates by reference, as if fully set forth herein, its responses to paragraphs 1 through 13.

15.     Denied.

16.     MediaTek USA admits that it received a copy of the '789 Patent, a claim chart, and a letter alleging infringement of the '789 Patent in December 2013.  MediaTek USA otherwise denies the remaining allegations set forth in paragraph 16 of the Complaint.

17.     MediaTek USA admits that it exchanged written correspondence with Paone regarding the '789 Patent after December 6, 2013, and that it has not taken a direct license from Paone to the '789 Patent.  MediaTek USA otherwise denies the remaining allegations set forth in paragraph 17 of the Complaint.

18.     Denied.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

25.     Denied.

## PLAINTIFF'S PRAYER FOR RELIEF

MediaTek USA denies that Plaintiff is entitled to any relief against MediaTek USA.  MediaTek USA denies the allegations set forth in subparagraphs A through E of the Prayer for Relief of the Complaint.

## JURY DEMAND

There are no factual allegations contained in the Jury Demand of the Complaint and therefore no answer is required.

## AFFIRMATIVE DEFENSES

MediaTek USA repeats its responses to the allegations in paragraphs 1-25 of the Complaint as set forth above and incorporates them as if fully set forth herein.  MediaTek USA asserts affirmative and other defenses below.  MediaTek USA asserts these defenses without prejudice to MediaTek USA's right to plead additional defenses as discovery progresses.

## FIRST DEFENSE

MediaTek USA has not infringed, does not infringe and is not infringing, either directly or indirectly, either literally or under the doctrine of equivalents, any valid and/or enforceable claim of the '789 Patent.

## SECOND DEFENSE

One or more of the claims of the '789 Patent is invalid and/or unenforceable for failure to comply with one or more of 35 U.S.C. §§ 101, 102, 103, 112, and/or other statutes which may be discovered to be applicable during the course of discovery in this action.

## THIRD DEFENSE

Plaintiff's damages claims and requests for relief of infringement of  the '789 Patent are barred by the doctrine of prosecution history estoppel.

## FOURTH DEFENSE

Plaintiff's damages claims and requests for relief of infringement of the '789 Patent are barred, in whole or in part, by the doctrines of laches, equitable estoppel, waiver, unclean hands, and/or other equitable defenses.

## FIFTH DEFENSE

Plaintiff's claims for recovery are limited by the failure to properly mark any relevant products as required by 35 U.S.C. § 287 or otherwise.

## SIXTH DEFENSE

Plaintiff's claims are precluded in whole or in part to the extent that any allegedly infringing products or components thereof are supplied, directly or indirectly, to MediaTek USA by or by MediaTek USA to an entity having a license to the '789 Patent and under the doctrine of patent exhaustion.

## SEVENTH DEFENSE

MediaTek USA has not willfully infringed any valid and enforceable claim of the '789 Patent.

## EIGHTH DEFENSE

Plaintiff's claims for recovery are limited and/or barred pursuant to 35 U.S.C. §§ 286, 287 and/or 288.

## NINTH DEFENSE

Plaintiff is not entitled to any injunctive relief because (a) Plaintiff's injury is not immediate, (b) Plaintiff's injury is not irreparable, and (c) Plaintiff has adequate remedies at law.

## TENTH DEFENSE

To the extent that any accused product has been used by or manufactured for the United States, Plaintiff's claims and requests for relief are barred by 28 U.S.C. § 1498.

## ELEVENTH DEFENSE

Paone has failed to state a claim against MediaTek USA upon which relief may be granted.

## MEDIATEK USA'S COUNTERCLAIMS

Counterclaim Plaintiff MediaTek USA, for its counterclaims against Counterclaim Defendant Paone, alleges as follows:

1.      MediaTek USA incorporates by reference, as if fully set forth herein, all allegations in its Answer and Defenses to Plaintiff's Complaint.

## PARTIES

2.      MediaTek USA is a Delaware corporation with its principal place of business at 2840 Junction Ave., San Jose, CA 95134.

3.      Upon information and belief, Paone is an individual who resides at 40 Sunset Drive, Manhasset, New York 11030.

4.      Paone has asserted that he is the exclusive owner of all rights, title, and interest in the '789 Patent.

## JURISDICTION AND VENUE

5.      This is a counterclaim for a declaration of non-infringement and/or invalidity of the claims of the '789 Patent. These Counterclaims seek declaratory judgments pursuant to 28 U.S.C. §§ 2201 and 2202.

6.      Subject to MediaTek USA's defenses and denials above, this Court has subject matter jurisdiction over these Counterclaims pursuant to 35 U.S.C. §§ 1 *et seq.*, the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and 28 U.S.C. §§ 1331 and 1338(a).

7.      Paone is subject to personal jurisdiction in this district, including because he purports to be a resident of this district and because he initiated this action in this district.

8.      Subject to MediaTek USA's defenses and denials above, venue is proper in this district for these Counterclaims pursuant to 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

9.      In his Complaint, Paone asserts that he is the patent holder of the '789 patent and accuses MediaTek USA of infringing one or more claims of that patent by selling certain MediaTek USA products.

10.     MediaTek USA has not infringed and does not infringe any valid and/or enforceable claim of the '789 Patent.

11.     By filing a Complaint and alleging infringement on the part of MediaTek USA in this lawsuit, Paone has created a reasonable apprehension on the part of MediaTek USA that Paone will maintain this lawsuit against MediaTek USA or initiate additional lawsuits against MediaTek USA for infringement of the claims of the '789 patent, and such apprehension will

persist even if Paone were subsequently to dismiss this lawsuit. For these reasons, an actual case or controversy regarding non-infringement and invalidity exists between the parties, which is within the Court's jurisdiction under U.S.C. §§ 2201.

## FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement of the '789 Patent)

12. MediaTek USA realleges and incorporates by reference the allegations in paragraphs 1-11 of its Counterclaims, as if fully set forth herein.

13. MediaTek USA does not and has not infringed, directly or indirectly, any valid and/or enforceable claim of the '789 Patent.

14. MediaTek USA is entitled to declaratory judgment that it does not infringe any valid and/or enforceable claim of the '789 Patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity of the '789 Patent)

15. MediaTek USA realleges and incorporates by reference the allegations in paragraphs 1-14 of its Counterclaims, as if fully set forth herein.

16. The claims of the '789 Patent are invalid under Title 35 of the United States Code, including §§ 101, 102, 103, 112, and/or other statutes which may be discovered to be applicable during the course of discovery in this action.

17. MediaTek USA is entitled to a declaratory judgment that one or more claims of the '789 Patent are invalid.

## PRAYER FOR RELIEF

WHEREFORE, having answered Plaintiff's Complaint and asserted its defenses and Counterclaims, MediaTek USA respectfully requests the Court to grant the following relief:

A.      Dismiss Paone's claims with prejudice;

B.      Deny each of Paone's claims for relief;

C.      Enter judgment against the Plaintiff and in favor of MediaTek USA in all

respects;

D.      Declare that MediaTek USA has not infringed, directly or indirectly, any valid

and/or enforceable claim of the '789 Patent;

E.      Declare that the claims of the '789 Patent are invalid;

F.      Award MediaTek USA its costs incurred in this action;

G.      Find that this is an exceptional case under 35 U.S.C. § 285 and award reasonable

attorneys' fees, costs, expenses to MediaTek USA; and

H.      Grant such other and further general or specific relief as the Court deems just and

equitable.

## DEMAND FOR JURY

Defendant and Counterclaim Plaintiff MediaTek USA respectfully demands a jury trial under Rule 38 of the Federal Rules of Civil Procedure on all issues triable to a jury in this action.

Dated:  September 2, 2015

By:     */s/ Christopher R. Noyes*

Keith L. Slenkovich (*pro hac vice*)            Christopher R. Noyes
Tobias W. Mock (*pro hac vice*)                  Martin E. Gilmore
WILMER CUTLER PICKERING HALE AND            WILMER CUTLER PICKERING HALE AND
DORR LLP                                        DORR LLP
950 Page Mill Road                              250 Greenwich Street
Palo Alto, CA 94304                             New York, NY 10007
(650) 858-6000                                  (212) 230-8800
keith.slenkovich@wilmerhale.com                 christopher.noyes@wilmerhale.com
tobias.mock@wilmerhale.com                      martin.gilmore@wilmerhale.com
                                                *Attorneys for MediaTek USA, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this 2nd day of September, 2015 the foregoing Answer,

Defenses, and Counterclaims of Defendant MediaTek USA, Inc. was filed with the Clerk of the

Court via the CM/ECF system, which will send notice of such filing to all registered CM/ECF

users.


Dated: September 2, 2015


                                         */s/ Christopher R. Noyes*
                                         Christopher R. Noyes
                                         WILMER CUTLER PICKERING HALE AND DORR LLP
                                         250 Greenwich Street
                                         New York, NY 10007
                                         (212) 230-8800
                                         christopher.noyes@wilmerhale.com


                                         *Attorney for MediaTek USA, Inc.*